IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL JOHNSON,

        Plaintiff,                No. CIV S-06-2035 FCD KJM P

    vs.

D.K. SISTO, et al.,

        Defendants.       FINDINGS & RECOMMENDATIONS

                          /

        Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. This action is currently proceeding against defendant Rowlett (defendant) for denial of medical care in violation of the Eighth Amendment. See November 21, 2007 and July 11, 2008 Orders. Defendant's motion for summary judgment is before the court.

I. Summary Judgment Standards

        Summary judgment is appropriate when it is demonstrated there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

/////

/////

1

> Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" Id. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See id. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could

return a verdict for the nonmoving party, see <u>Wool v. Tandem Computers, Inc.</u>, 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." <u>T.W. Elec. Serv.</u>, 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" <u>Matsushita</u>, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed. See <u>Anderson</u>, 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See <u>Matsushita</u>, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See <u>Richards v. Nielsen Freight Lines</u>, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), <u>aff'd</u>, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" <u>Matsushita</u>, 475 U.S. at 587 (citation omitted).

On December 11, 2007 the court advised plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. See <u>Rand v. Rowland</u>, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), <u>cert. denied</u>, 527 U.S. 1035 (1999), and <u>Klingele v. Eikenberry</u>, 849 F.2d 409 (9th Cir. 1988).

/////

3

II. <u>Analysis</u>

Plaintiff's allegations against defendant Rowlett involve incidents in which plaintiff was denied medical care. Plaintiff alleges the last such incident occurred on June 26, 2001. Am. Compl. ¶ 16. Defendant Rowlett asserts, among other things, that because plaintiff did not commence this action until September 2006, this action is time-barred.

In 2001, the limitations period for a § 1983 action brought by a California prisoner was one year. <u>See</u> Cal. Civ. Proc. Code § 335.1; <u>Jones v. Blanas</u>, 393 F.3d 918, 927 (9th Cir. 2004) (in § 1983 actions, the limitations period is the one established by the forum state for personal injury actions). The limitations period is tolled from the time an action accrues while a plaintiff is incarcerated, for a period not to exceed two years. <u>See</u> Cal. Civ. Proc. Code § 352.1. It is not disputed that plaintiff was incarcerated during the two year period after the last date upon which this action could have accrued.

In light of the above, plaintiff had a total of three years from June 26, 2001, at most, to file this action. Because plaintiff did not commence this action until September 2006, this action is time-barred.

In his opposition, plaintiff suggests that the statute of limitations should be calculated starting from a later date: "Plaintiff has exhausted his administrative appeal process and the claim by defendant that plaintiff was approximately a year overdue is due to plaintiff's attempts to pursue the CDC 602 continually shown deliberate indifference, returning his grievance for technical reasons without dealing with the merits of plaintiff's claim. See Ex. D." Opp'n at 11. Exhibit D, however, is defendant's response to a request for production of documents. There is nothing in Exhibit D indicating plaintiff pursued administrative remedies with respect to his claims against defendant. <u>Id</u>. at 151-159. Moreover, while some of plaintiff's exhibits suggest he utilized the California Department of Corrections and Rehabilitation's (CDCR) inmate grievance process with respect to some health-related issues, nothing suggests he ever used the grievance process to put CDCR on notice of his claims against defendant. <u>Id</u>. at

131-150. Even assuming he need not have named defendant in any grievance, nothing before the court identifies the dates or incidents during which defendant allegedly denied him medical care. Rather, the grievances concern generally the inadequacy of care plaintiff received from physicians, not denial of access to medical care from persons such as defendant who was employed as a Medical Technical Assistant. <u>See</u> Def.'s Statement of Undisputed Facts ¶ 2.

Defendant raises other arguments in favor of summary judgment. In light of the foregoing, the court need not address those arguments.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant Rowlett's February 27, 2009 motion for summary judgment (#64) be granted; and

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 12, 2009.

_____
U.S. MAGISTRATE JUDGE

---

1
john2035.57